IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| LARRY A CORDELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:12CV67–HEH |
| ) | |
| J. GRONOLSKY, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION
(Dismissing 28 U.S.C. § 2241 Petition for Want of Jurisdiction)

Larry A. Cordell, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241[1] petition. In his § 2241 Petition, Cordell challenges his sentence imposed in the United States District Court for the District of Maryland ("the Sentencing Court") for sexually exploiting a minor for the purpose of producing child pornography material in violation of 18 U.S.C. § 2251(a).[2] (§ 2241 Pet. (ECF No. 1) ¶ 4.)

---

[1] That statute provides, in pertinent part:

(c) The writ of habeas corpus shall not extend to a prisoner unless—
 (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
 (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
 (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)–(3).

[2] That statute provides:

Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in

On June 5, 2008, the Sentencing Court entered the Amended Judgment in Cordell's case and sentenced Cordell to 300 months of imprisonment. J. at 2, *United States v. Cordell*, 1:07-cr-00478-RDB-1 (D. Md. June 5, 2008). On October 22, 2008, Cordell filed a 28 U.S.C. § 2255 Motion. § 2255 Mot., *United States v. Cordell*, 1:07-cr-00478-RDB-1 (D. Md. filed Oct. 22, 2008). By Order entered on October 20, 2009, the Sentencing Court granted Cordell's request to withdraw his § 2255 Motion. *United States v. Cordell*, 1:07-cr-00478-RDB- 1 (D. Md. Oct. 20, 2009).

On January 20, 2012, the Court received Cordell's § 2241 Petition. Cordell contends that the Court should grant his request for habeas relief because: (1) he "is 'actually innocent'" (Mem. Supp. § 2241 Pet. (ECF No. 2) 12)[3] and (2) the statutes under which he was convicted "are unconstitutional on their face as applied to him. . . . 18 USC Section 2251(a) exceed[s] Congress's power to legislate under the Commerce Clause[4]"

---

any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

18 U.S.C. § 2251(a).

[3] The Court has corrected the capitalization in the quotations to Cordell's submissions.

[4] Congress enjoys the power "[t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes." U.S. Const. Art I § 8, cl. 3.

(*id.* at 14). For the reasons set forth below, the action will be DISMISSED for want of jurisdiction.

### A. Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C.§ 2241

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence and must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[5] For example, "attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).

---

[5] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The "controlling test," *id.*, in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which *an individual is incarcerated for conduct that is not criminal* but, through no fault of his [or her] own, [he or she] has no source of redress." *Id.* at 333 n.3 (emphasis added).

### B.     Analysis of Cordell's 28 U.S.C. § 2241 Petition

Cordell fails to satisfy the second prong of *In re Jones*. *See id.* at 334. Specifically, Cordell fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of which [he] *was convicted is deemed not to be criminal*." *Id.* (emphasis added). The conduct of which Cordell stands convicted, sexually exploiting a minor for purposes of producing child pornography, remains a crime.

Cordell fails to identify any change in the substantive law *since* the time of his conviction that would permit him to proceed under 28 U.S.C. § 2241. Cordell relies upon legal arguments and Supreme Court precedents that preexisted his initial conviction. (Mem. Supp. § 2241 Pet. 15 (citing *Gonzales v. Raich*, 545 U.S. 1, 22 (2005); *United States v. Lopez*, 514 U.S. 549, 558-59 (1995)). "[W]here . . . [a] petitioner invokes § 2241 jurisdiction to raise claims that clearly could have been pursued earlier . . . then the savings clause of § 2255 is not triggered and dismissal of the § 2241 petition for lack of jurisdiction is warranted." *Cephas v. Nash*, 328 F.3d 98, 105 (2d Cir. 2003). Although Cordell "may face substantive and procedural hurdles in presenting his claim in a § 2255 motion, that alone does not render a § 2255 motion an 'inadequate or ineffective' remedy." *Taylor v. Williamsons*, 134 F. App'x 598, 600 (3d Cir. 2005) (citing *Okereke v. United States*, 307 F.3d 117, 120-21 (3d Cir. 2002)). Accordingly, the Court will dismiss Cordell's 28 U.S.C. § 2241 Petition.

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Aug 29 2013
Richmond, Virginia

5